UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In Re:<br><br>DAVID RAE BARTLETT and<br>LYNN MARIE BARTLETT,<br><br>                 Debtors. | Bankruptcy Case<br>No. 07-63647-fra13<br><br>MEMORANDUM OPINION |

Debtors have failed to strictly comply with the pre-petition counseling requirements imposed by 11 U.S.C. § 109(h). They seek an order waiving the requirement on the grounds that they have moved promptly to remedy the defect, and that dismissing the case would prejudice creditors and result in unnecessary administrative costs. The Court finds that the Debtors have not established grounds for relief from the provisions of § 109(h), and that the case should be dismissed.

I. FACTS

Debtors filed their petition for relief under Chapter 13 of the Bankruptcy Code on December 29, 2007. Accompanying their petition were Certificates of Credit Counseling Briefing attesting that each received the briefing required by Code § 109(h) on June 27, 2007 - 185 days prior to the date the petition was filed.

Page 1 - MEMORANDUM OPINION

On January 2, 2008, the Court issued an order and notice directing the Debtors to file either an amended certificate reflecting receipt of a briefing within 180 days prior to the filing date, a motion for an extension of time to file, or an exemption from the briefing requirement altogether. On January 3, the Debtors filed their motion to extend the time to file a certificate, using the Court's standard Form 100.3. The motion states in part that:

> We completed the required credit counseling briefing on June 27, 2007, and originally planned to sign and file our bankruptcy case on November 28, 2007. However, our vehicle was repossessed the night before our scheduled appointment to sign and file the bankruptcy case. This delayed our filing for one month. We signed the bankruptcy petition on December 28, 2007 – within 184 days of completing the briefing – and the case was filed on the 185th day after completing the briefing. We completed a second counseling session on January 2, 2008, which would allow us to immediately file a new case if this case is dismissed. Dismissing this case will only prejudice creditors and result in the unnecessary administrative costs of filing a new case.

II. STATUTORY REQUIREMENTS

Code § 109(h)1) provides that:

> Subject to paragraphs 2 and 3, and notwithstanding any other provision of this section, an individual may not be a debtor under this title unless such individual has, *during the 180-day period preceding the date of filing of the petition by such individual,* received from an approved nonprofit budget and credit counseling agency described in § 111(a) an individual or group briefing (including a briefing conducted by telephone or on the internet) that outlined the opportunities for available credit counseling and assisted such individual in performing a related budget analysis. [Emphasis added.]

A debtor may commence a case under the Code notwithstanding this requirement by submitting a certification which describes exigent

Page 2 - MEMORANDUM OPINION

circumstances that merit a waiver of the requirements described above, and which states that the debtor requested services from an approved counseling agency but was unable to obtain the services during the five day period beginning on the date on which the debtor made the request. If the certification is satisfactory to the court, it may, for up to 30 days, waive the filing requirement. Code § 109(h)(3)(A).

III. DISCUSSION

The Debtors' motion does not assert that they were unable to obtain counseling services within five days of their request for such service. More importantly, the motion does not, in the Court's opinion, describe "exigent circumstances" which justify commencement of the case after the counseling certificate had expired, and without first undertaking a new counseling session. It may be – as the sequence of events here certainly suggests – that the expiration of the original certificate was simply overlooked. Whatever the reason, the Debtors are ineligible under § 109(h) because they failed to obtain the counseling within the 180 days prior to their petition, and failed to qualify for a post-petition extension of time. That Debtors did in fact act to remedy the problem by obtaining counseling after receiving notice of the defect does not, by itself, satisfy the terms of § 109(h)(3).

The Debtors argue that, notwithstanding their lack of strict compliance, the case should not be dismissed in light of the potential for prejudice to creditors and the unnecessary administrative costs entailed in filing a new case. In effect, the Debtors seek an equitable exception to strict compliance with the terms of § 109(h).

Bankruptcy courts have been varied in their responses to this

Page 3 - MEMORANDUM OPINION

issue. The "vast majority" of courts considering the issue have strictly construed the statute's time requirements. In re Ruckdaschel, 364 B.R. 724, 729 (Bankr. D. Id. 2007). Courts adhering to this view have dismissed cases filed by debtors who are deemed ineligible under § 109(h). Other courts have held that the provisions of § 109(h) are not jurisdictional, and that dismissal is not mandated when debtors are ineligible. In re Manalad, 360 B.R. 288 (Bankr. C.D. Ca. 2007); In re Enloe, 373 B.R. 123 (Bankr. D. Co. 2007); In re Hess, 347 B.R. 489 (Bankr. D. Vt. 2006).

Another eligibility requirement in the Code is to be found at § 109(g): this section provides that an individual "may not be a debtor under this title" if the individual has been the debtor in a case within the 180 days preceding the petition if the prior case was dismissed for failure to comply with a court order, or voluntarily after a motion for relief from the automatic stay had been filed. In In re Luna, 122 B.R. 575 (9th Cir. BAP 1991), the Bankruptcy Appellate Panel for the Ninth Circuit held that § 109(g) was not jurisdictional in nature, and that mechanical application of this section was inappropriate where doing so would produce an illogical, unjust, or capricious result. Since §§ 109(g) and (h) are similar in language and intent, it stands to reason that the standard set out in Luna is applicable to § 109(h).

Dismissal in this case, while inconvenient and expensive, is neither illogical nor unjust. The statute imposes a clearly defined requirement: that debtors must undergo counseling prior, but not more than 180 days prior, to commencement of their bankruptcy cases. This is part of a consistent statutory scheme designed to encourage (if not

Page 4 - MEMORANDUM OPINION

force) prospective debtors to explore alternatives before commencing a bankruptcy case. Debtors here failed to comply with that requirement and offer no substantial justification for that failure. The result is that they will have to file again: this may require payment of a new filing fee and, perhaps, the need to seek an extension of the automatic stay under Code § 362. Unlike § 109, relief from these provisions is provided for in the Code, and does not require a resort to equity. The filing fee may be waived if the Debtors qualify, Fed.R.Bankr.P. 1006(c), and the automatic stay may be extended, 11 U.S.C. §362(c)(3)(B). Neither the inconvenience nor the expense attendant to dismissal are insurmountable. The existence of these remedies in the statutory scheme precludes ready application of equitable remedies.

Debtors point out that neither the Trustee nor any other interested party has sought dismissal of the case. In some contexts this might mean that the case would be allowed to continue. See e.g. In re Duffus, 339 B.R. 746 (Bankr. D.Or. 2006). However, provisions such as the one at issue in Duffus merely set out a remedy -dismissal- which may or may not be sought in a given case. Under §109(h), a debtor who has not complied with the briefing requirement is not entitled to any relief under Title 11, including the benefit of the automatic stay or any discharge. Absent circumstances satisfying the Luna criteria, no further relief may be extended.

IV. CONCLUSION

Code § 109(h) should be strictly applied according to its terms. Where debtors are found to be ineligible under this section the case should be dismissed, unless to do so would be illogical, unjust or

Page 5 - MEMORANDUM OPINION

capricious under the circumstances. That is not the case here, and the case must be dismissed.

The Court recognizes that substantial inconvenience to the parties may result if particularly aggressive creditors move to seize assets between the time a case is dismissed and a new one is filed. In most instances such seizures would be subject to avoidance as preferences. In order to avoid that problem, the order dismissing the case will not take effect for 10 days.

*/s/ Frank R. Alley, III*

FRANK R. ALLEY, III
Bankruptcy Judge

Page 6 - MEMORANDUM OPINION